UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES CORELLI,

    Plaintiff,

v.                                               Case No:   2:14-cv-24-FtM-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

## OPINION AND ORDER

Plaintiff, James Corelli, appeals the final decision of the Commissioner of Social Security Administration ("Commissioner") denying his claim for disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.    Issues on Appeal

Plaintiff argues three issues on appeal: (1) whether the ALJ properly evaluated the severity of Plaintiff's alleged mental impairments of adjustment and panic disorders; (2) whether the ALJ improperly discounted Plaintiff's treating psychiatrist; and (3) whether the ALJ properly considered limitations caused by Plaintiff's use of a cane when determining his residual functional capacity ("RFC") for light work. Plaintiff asserts this his use of a cane precludes him from being able to perform light or even sedentary work.

## II.     Procedural History and Summary of the ALJ's Decision

Plaintiff filed an application for disability and DIB on April 22, 2010, alleging he became disabled and unable to work on December 1, 2005, due to bulging herniated cervical/lumbar discs caused by a car accident. Tr. 96-105, 123. The Social Security Administration ("SSA") denied his claim initially and upon reconsideration. Tr. 65-68. Plaintiff then requested and received a hearing before an ALJ on June 8, 2012, during which he was represented by an attorney. Tr. 31-56. Plaintiff and a vocational expert ("VE") testified at the hearing.

On September 7, 2012, the ALJ issued a decision, finding Plaintiff not disabled and denying his claim. Tr. 13-23. At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since December 1, 2005, the alleged onset date. Tr. 15. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine and chronic pain. *Id.* At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1."[1] Tr. 19. In making these findings, the ALJ considered the "paragraph B" criteria, and found that the criteria were not satisfied. *Id.*

---

[1] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 405.1525(a).

Taking into account the effects from all of Plaintiff's symptoms and considering the opinion evidence, the ALJ then determined that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 416.967(b),[2] and that he may occasionally require the use of a cane. Tr. 19. The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Tr. 21. In making this finding, the ALJ considered Plaintiff's allegations of chronic pain and back problems. Tr. 20-22. The ALJ determined that Plaintiff was able to perform his past relevant work as a restaurant manager. Tr. 22. Taking into consideration his RFC determination, and supported by the VE's testimony, the ALJ found that the work does not require the performance of work-related activities precluded by Plaintiff's RFC. *Id.* In doing so, the ALJ noted that the VE testified that the occasional use of a cane is not a problem for the restaurant manager position. *Id.*

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council. After considering the ALJ's decision, the Appeals Counsel denied

---

[2] The regulations define "light work" as follows:

(b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

the request on November 22, 2013. Tr. 1-4. Accordingly, the ALJ's September 7, 2012 decision is the final decision of the Commissioner. On January 13, 2014, Plaintiff timely filed his Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). Doc. 1.

### III. Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to either result in death or last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a). The Commissioner has established a five-step sequential analysis for evaluating a claim of disability. *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted);

*see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV. Discussion

### A. *Mental Impairments*

Plaintiff first argues on appeal that the ALJ erred in his determination that Plaintiff's mental impairments of adjustment and panic disorders were non-severe. Tr. 18. Plaintiff asserts that these disorders are well documented in the record. Specifically, Plaintiff states that he was diagnosed with anxiety and depression. Tr. 214-28; 239-51; 276-79. Further, a psychological evaluation prepared by David B. Rawlings, Ph.D., diagnosed adjustment disorder with anxious mood and chronic and probable panic disorder. Tr. 354. Plaintiff also points to the records of his treating psychiatrist, Jeffrey Fabacher, M.D., which include diagnoses of panic and

generalized anxiety disorder. Tr. 539-42. Dr. Fabacher completed a Questionnaire as to Mental Residual Functional Capacity Assessment ("Questionnaire"), wherein he opined that Plaintiff had marked limitations in his ability to complete work tasks in a normal day and perform at adequate production levels. Tr. 385-88. Dr. Fabacher noted that Plaintiff's condition was likely to deteriorate if he is placed under the stress of a job. Tr. 388. Defendant acknowledges that Plaintiff was diagnosed with adjustment and panic disorders (Tr. 354), but argues the mere diagnosis of a condition does not establish that Plaintiff's mental condition would interfere with his ability to perform basic work activities. Defendant further argues, as the ALJ found, that Plaintiff's medical records do not include objective medical findings or other evidence establishing that his mental condition would have affected his ability to work. The Court agrees with the Commissioner.

At the second step in the sequential evaluation process, the ALJ determines whether the claimant has a severe impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Plaintiff bears the burden of establishing that his impairments are severe. *Bowen*, 482 U.S. at 146 n.5. A severe impairment is an impairment or combination of impairments that significantly limits a claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). "A non-severe impairment is a slight abnormality which has such a minimal effect on the individual that it could not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). "The ALJ must consider every impairment alleged." *Gibson v. Heckler*, 779

F.2d 619, 623 (11th Cir. 1986). When determining a claimant's RFC, the ALJ "must consider all allegations of physical and mental limitations or restrictions," not just those determined to be severe. 20 C.F.R. § 404.1545(a)(2); SSR 96-8p. The ALJ is required to consider the combined effects of a claimant's alleged impairments and make specific, well-articulated findings as to the effect of the impairments and whether they result in disability. *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

Here, at step two, after determining that Plaintiff had severe impairments of degenerative disc disease of the cervical and lumbar spine and chronic pain, the ALJ stated: "The claimant's medically determinable mental impairment of adjustment disorder/panic disorder does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore nonsevere." Tr. 18. In so finding, the ALJ followed the special technique or paragraph B criteria, wherein he rated the degree of functional limitation resulting from Plaintiff's alleged mental impairments and found that the criteria were not satisfied. Tr. 19.

Contrary to Plaintiff's assertions, the ALJ thoroughly considered Plaintiff's mental impairments in his analysis of whether they qualified as severe impairments by examining both the medical records and opinion evidence. The ALJ noted that Plaintiff was evaluated by David B. Rawlings, Ph.D, in October 2010. Tr. 16-17, 351-55. During the evaluation, Plaintiff denied feeling apathy, guilt, remorse, diminished energy levels, or hopelessness. Tr. 16, 353. In addition, the Beck Depression Inventory was within the normal limits and the Beck Anxiety Inventory

suggested only mild levels of anxiety. Tr. 16-17, 354. Despite these requests, Dr. Rawlings diagnosed Plaintiff with Adjustment Disorder with Anxious Mood and Probably Panic Disorder. Tr. 17, 354. Yet, a diagnosis does not automatically establish that a mental condition interferes with a plaintiff's ability to perform basic work activities. The Court must examine the extent to which the impairments limit Plaintiff's ability to work, which is Plaintiff's burden to show. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2011).

As discussed by the ALJ, Plaintiff did not receive regular mental health treatment, undermining his allegations of disabling mental limitations. Tr. 18. *See* 20 C.F.R. §§ 404.1527(c)(4), 404.1529(c)(3)(v), 416.927(c)(4), 416.929(c)(3)(v); *Manzo v. Comm'r of Soc. Sec.*, 408 F. App'x 265, 269 (11th Cir. 2011) (noting fact that claimant had never been referred for mental health treatment supported ALJ's finding that claimant's anxiety was not severe). The ALJ also noted that Maxine Ruddock, Ph.D., a state agency psychological consultant, reviewed the evidence in January 2011 and opined Plaintiff did not have a severe mental impairment. Tr. 18, 370. State agency consultants are highly qualified specialists who also are experts in the Social Security disability programs, and their opinions may be entitled to great weight if the evidence supports their opinions. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p. The Court finds that it was proper for the ALJ to give Dr. Ruddock's opinion significant weight, as it was consistent with the rest of the record. Tr. 18. Plaintiff also denied any psychiatric symptoms to Eshan Kibria, M.D., a consultative examiner, in February 2011. Tr. 17, 371.

In addition, as noted by the ALJ, Plaintiff's activities support a finding that he does not have a severe mental impairment. Tr. 18. Plaintiff's father indicated Plaintiff reads, watches television, takes care of his own personal care, makes sandwiches and frozen dinners, helps with house and yard work when he can, drives, grocery shops, and occasionally participates in social activities. Tr. 18, 134-38. Plaintiff also indicated he stops by friends' houses for visits, friends stop by his house on a daily basis, and he talks on the phone. Tr. 142, 146. Plaintiff also noted he could follow written and spoken instructions fairly well and he could get along with authority figures very well. Tr. 147-48. Although not dispositive, a claimant's activities may show that the claimant's pain and other symptoms are not as limiting as he alleged. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); SSR 96-7p; *Macia v. Bowen*, 829 F.2d 1009, 1012 (11th Cir. 1987).

Thus, the Court finds that the ALJ's decision that Plaintiff's panic and adjustment disorders were non-severe is supported by substantial evidence in the record. Although the record reveals diagnoses of adjustment and panic disorder (Tr. 354), there is no evidence in the record that demonstrates these conditions would significantly limit Plaintiff's ability to do basic work activities. Rather, the record shows that Plaintiff's doctors placed no restrictions on his activities or limitations because of these conditions, nor that any treatment or therapy has been recommended for these conditions, as noted by the ALJ.

Finally, although the ALJ found that Plaintiff's mental conditions were non-severe, the ALJ did find that Plaintiff suffered from severe impairments and

continued through the sequential evaluation to step five. The Eleventh Circuit has noted that the finding of *any* severe impairment is enough to satisfy step two, "because once the ALJ proceeds beyond step two, he is required to consider the claimant's entire medical condition, including impairments the ALJ determined were not severe." *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. Mar. 30, 2011). Thus, even assuming the ALJ erred when he concluded that Plaintiff's mental conditions were not severe impairments, that error was harmless, because the ALJ considered all of his impairments, including those he deemed non-severe, when determining Plaintiff's RFC.

B. *Treating Psychiatrist*

Plaintiff next argues on appeal that the ALJ failed to properly follow the treating physician rule when he considered the opinion of his treating physician, Dr. Fabacher, and improperly assigned his opinion little weight. Tr. 18. Plaintiff asserts that it was error when the ALJ instead gave significant weight to the opinion of non-treating, non-examining, State agency psychologist, Dr. Ruddock. Dr. Fabacher, completed a Questionnaire, wherein he opined that Plaintiff had marked limitations in his ability to complete work tasks in a normal day and perform at adequate production levels. Tr. 385-88. The ALJ assigned the opinion little weight because it he found was not supported by the treatment records and was inconsistent with the doctor's own treatment notes, which showed that claimant's symptoms are well controlled with medication. Tr. 30, 539-42.

The ALJ is required to review all of the medical findings and other evidence that supports a medical source's statement that a claimant is disabled. Moreover, opinions on some issues, such as the claimant's RFC and whether the claimant is disabled or unable to work, "are not medical opinions, . . . but are, instead, opinions on issues reserved to the Commissioner, because they are administrative findings that are dispositive of a case; *i.e.*, that would direct the determination or decision of disability." 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-5p. The ALJ, therefore, is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability. 20 C.F.R. § 404.1527(d)(1). The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion of whether the claimant meets a listed impairment, a claimant's RFC (20 C.F.R. §§ 404.1545, 404.1546) or the application of vocational factors, because that ultimate determination is the sole province of the Commissioner. 20 C.F.R. § 404.1527(e).

Here, the ALJ properly considered and analyzed Plaintiff's alleged impairments in assessing his RFC. Generally, when determining a plaintiff's RFC "[a]n ALJ must give a treating physician's opinion substantial weight, unless good cause is shown." *Castle v. Colvin*, ⎯⎯ F. App'x ⎯⎯, 2014 WL 595284 (11th Cir. Feb. 18, 2014) (citing *Phillips*, 357 F.3d at 1240); 20 C.F.R. § 404.1527(c)(2); *Lewis*, 125 F.3d at 1440; *Sabo v. Comm'r of Soc. Sec.*, 955 F. Supp. 1456, 1462 (M.D. Fla. 1996). "Good cause exists when the '(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating

physician's opinion was conclusory or inconsistent with the doctor's own medical records.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips*, 357 F.3d at 1240). Under the regulations, the ALJ must weigh any medical opinion based on the treating relationship with the claimant, the length of the treatment relationship, the evidence the medical source presents to support his opinion, how consistent the opinion is with the record as a whole, the specialty of the medical source and other factors. *See* 20 C.F.R. §§ 404.1527(c), (c)(2)(i)-(ii), (c)(3)-(6); *Edwards*, 937 F.2d at 580 (ALJ properly discounted treating physician's report where the physician was unsure of the accuracy of his findings and statements); *Lewis*, 125 F.3d at 1440. Where a treating physician merely has made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments. *Schnor v. Bowen*, 816 F.2d 578, 582 (11th Cir. 1987); *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986); SSR 96-2p.

The Court finds that the ALJ properly considered Dr. Fabacher's opinion in the Questionnaire and assigned it little weight because there was no objective evidence to bolster his opinion, and the opinion is not compelled by the overall record. As the ALJ correctly noted in his decision, while Plaintiff suffers from some mental impairments, the treatment notes during the alleged disability period were not consistent with disabling mental limitations. On the contrary, most of his records reflect that Plaintiff did not report any mental limitations or that his condition was controlled with medication. Tr. 371, 540. Dr. Fabacher's own treatment records, as

noted by the ALJ, did not show significant symptoms, and his treatment notes do not contain clinical observations to support his opinion. Tr. 18. Dr. Fabacher noted in the treatment notes that Plaintiff's condition is pretty much "status quo" and his anxiety controlled with Xanax.[3] Tr. 17, 18, 540. Further, David Clay, Ph.D., completed a Psychiatric Review Technique in October 2010, opining that Plaintiff's impairments do not affect his activities of daily living, and his limitations appear to be primarily related to physical impairments, not mental limitations. Tr. 356-68.

Thus, the ALJ correctly found Dr. Fabacher's opinion inconsistent with other evidence in the record, his own treatment notes, and the objective medical findings of other doctors who treated Plaintiff, all of which provides substantial evidence to support the ALJ's assessment of Plaintiff's RFC. The ALJ supported his decision and showed good cause for assigning little weight to Dr. Fabacher's opinion, in compliance with the applicable rules and regulations, by citing to specific evidence in the record demonstrating that Dr. Fabacher's opinion was inconsistent with the record as a whole, were conclusory or inconsistent with the medical records, and made no reference to any clinical or laboratory diagnostic techniques to support the opinions. *See Winschel*, 631 F.3d at 1179. Consequently, the ALJ properly followed the treating physician rule and had good cause to discount Dr. Fabacher's opinion and not give it controlling weight, which the Court finds is supported by substantial evidence.

---

[3] Further, and notably, the record contains only six pages of records from Dr. Fabacher, dated January 24, 2011 to May 2, 2012, wherein Plaintiff saw him only six times during this time period.

    C.    *Exertional Demands of Light and Sedentary Work*

Lastly, Plaintiff argues on appeal that he cannot perform light or even sedentary work because he was prescribed a cane. Plaintiff asserts that because light work requires an individual to be able to stand or walk, off and on, for approximately six hours in an eight-hour workday, an individual who uses a cane cannot perform these functions. SSR 83-10. Defendant responds that the argument is without merit because the medical records do not establish Plaintiff requires the cane to walk, nor does the record support a finding that Plaintiff needs to use a cane to the extent it would preclude him from performing the full range of light work. The Court agrees with the Commissioner that the RFC is supported by substantial evidence.

When an impairment does not meet or equal a listed impairment at step 3, the ALJ will proceed to step 4 to assess and make a finding regarding the claimant's RFC based upon all of the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). In this case, the ALJ found Plaintiff "did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 25. The ALJ then proceeded to assess and make a finding regarding the claimant's RFC. The RFC is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a). As noted, the ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence, and medical source

statements. *Id.* The determination of RFC is within the authority of the ALJ; and the claimant's age, education, and work experience is considered in determining the claimant's RFC and whether he can return to his past relevant work. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)). The RFC assessment is based upon all the relevant evidence of a claimant's remaining ability to do work despite his impairments. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

Here, as noted by the ALJ throughout his opinion, Plaintiff has been ambulatory without assistance at his doctor's visits and testified that he is on no specific restrictions and can do whatever he can do. Tr. 16, 17, 20, 21. Plaintiff argues that because Social Security Ruling 96-6p recognizes that the ability to perform sedentary work may be impacted by the use of a cane, light work, which entails frequent lifting up to 20 pounds, must be impacted. However, Social Security Ruling 96-6p also states that to determine if an assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (*i.e.,* whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information). Plaintiff's March 2012 prescription for a cane, written by Zdenko Korunda, M.D., does not state under what circumstances the cane is required, simply stating "dx: gait instability." Tr. 406. In addition, the record does not support a finding that Plaintiff needed to use a cane to

the extent that it would preclude him from performing a range of light work, as found by the ALJ.

Specifically, as discussed by the ALJ, Plaintiff was involved in a motor vehicle accident in March 2005. Tr. 304. In October 2005, Plaintiff's neck, back, and extremities were normal, he had negative straight leg tests, and his gait and station were normal. Tr. 16, 227, 229. In addition, the doctor noted that Plaintiff was giving a poor effort. Tr. 16, 228. In November 2005, an MRI of Plaintiff's cervical spine showed posterior disc protrusion at C5-6 causing mild central canal stenosis and no lateral neural foraminal narrowing, and mild posterior disc bulges at C3-4 and C6-7 without neural structure compromise. Tr. 16, 235. An MRI of the lumbar spine showed mild posterior disc bulge at L4-5 and left paracentral disc protrusion at L5-S1, not causing any neural structure compromise. Tr. 16, 236.

In May and June 2006, Plaintiff reported he had been able to work and perform his activities of daily living independently. Tr. 16, 244, 246, 248. Plaintiff also reported in June 2006 that he had been looking for a job because his previous business had been sold. Tr. 16, 242. Plaintiff's work activities and the fact that he applied for work is further evidence he was not disabled. *See* 20 C.F.R. §§ 404.1571, 416.971

As noted by the ALJ, in March 2007, Plaintiff also had a negative straight leg test. Tr. 16, 274. In April 2007, an MRI of the cervical spine showed mild disc space desiccation at C3-4, and degenerative disc changes at C5-6 with no central canal stenosis. Tr. 16, 269. An MRI of the lumbar spine showed only minimal abnormalities. Tr. 16, 270. The ALJ also discussed the September 2010 evaluation

by Douglas Salvage, M.D., where Plaintiff had a slow but otherwise normal gait and negative straight leg testing. Tr. 17, 397. Dr. Rawlings also noted Plaintiff was ambulatory without assistance. Tr. 353.

As discussed by the ALJ, Dr. Korunda reviewed recent MRIs of Plaintiff's spine in October 2010 and noted that Plaintiff's pain complaints did not correlate with diagnostic testing or his physical examination. Tr. 17, 533. In addition, while Plaintiff reported spending most of his days watching television, Dr. Korunda noted Plaintiff would benefit from significant lifestyle modifications. Tr. 533. In January 2011, Plaintiff also reported to Dr. Korunda that he went on a shooting trip with a friend 100 miles away. Tr. 17, 496. Notably, although Dr. Korunda prescribed the cane to Plaintiff, he placed no restrictions on his ability to perform work.

Further, when the ALJ asked the VE if Plaintiff could perform his past relevant work given his RFC, including the occasional use of a cane, the VE testified Plaintiff could perform the job of restaurant manager. Tr. 52-53. The ALJ's hypothetical question to the VE encompassed all the limitations the ALJ included in his assessment of Plaintiff's RFC. Tr. 19, 52-53. The ALJ, therefore, properly relied on the VE's testimony to find Plaintiff could perform his past relevant work as a restaurant manager, even with the occasional use of a cane. Tr. 22. *See* 20 C.F.R. §§ 404.1560(b)(2), 416.960(b)(2); *Waldrop v. Comm'r of Soc. Sec.*, 379 F. App'x 948, 952-53 (11th Cir. 2010). Plaintiff has failed to show that his use of a cane affected his ability to perform a range of light work as found by the ALJ, whose RFC determination is supported by substantial evidence.

V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1. The decision of the Commissioner is **AFFIRMED**.

2. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3. The Clerk is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 13th day of March, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record